IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA L. DUNN AKA
CHRISTINA L. LAPENTINA; AND
JOHN D. DUNN                                                                                    PLAINTIFFS

VS.                           CASE NO.: 5:11-CV-05123 (JLH)

RELS CREDIT, AKA RELS CRDT,
AKA RELSCREDIT; CREDIT TECHNOLOGIES,
INC., AKA CREDIT TECH, AKA CR TECHNIC;
LANDSAFE CREDIT, INC., AKA LANDSAFE;
SHANE LESTER, CMC, CMRS;
CITYWIDE PROFESSIONAL LENDING, INC.,
AND OTHER COMPANIES AND/OR
CORPORATIONS 1-1,000 UNKNOWN AND
YET TO BE DISCOVERED                                                                         DEFENDANTS

## ANSWER TO FIRST AMENDED COMPLAINT

Comes now the separate Defendants, Shane Lester and Citywide Professional Lending, Inc., referred to hereinafter as ("Lester" and "CityWide"), by and through their undersigned attorney, Otto R. Fry, and for their Answer to First Amended Complaint, and states:

1. Lester and CityWide do not deny the allegations in paragraph # 1.
2. Lester and CityWide admit that this Court retains jurisdiction and venue.
3. Lester and CityWide do not deny the allegations in paragraph # 3.
4. Lester and CityWide do not deny the allegations in paragraph # 4.
5. Lester and CityWide do not deny the allegations in paragraph # 5.
6. Lester and CityWide do not deny the allegations in paragraph # 6.
7. Lester and CityWide is without sufficient information to either admit or deny the allegations in paragraph(s) 7-9, and therefore deny the same.
8. Lester and CityWide do not deny the allegations in paragraph # 10.
9. Lester and CityWide do not deny the allegations in paragraph # 11.
10. Lester and CityWide are without sufficient information to either admit or deny

the allegations in paragraph(s) 12-14, and therefore deny the same.

11. Lester and CityWide are without sufficient information to either admit or deny the allegations in paragraph(s) 12-14, and therefore deny the same.

12. Lester and CityWide are without sufficient information to either admit or deny the allegations in paragraph(s) 15-50, and therefore denies the same. Stating further, the allegations in paragraph(s) 15-50 do not apply to Lester and CityWide, and therefore inapplicable to Lester and CityWide, and as such are specifically denied.

13. Lester and Citywide specifically deny the allegations in paragraph # 51, # 54, # 57, and # 60, as the plaintiffs allege that Defendant's initiated a pull of a credit reports on September 4, 2011, a date which has not even occurred. Being that the allegations in the Plaintiffs' First Amended Complaint could not have even occurred, the Court must deny any relief sought in those paragraphs, and the Defendants deny the same.

14. Lester and CityWide partially admit the allegations in paragraph # 52, # 53, # 55, # 56, # 58, # 59, # 61, and # 62, to the extent that Defendants admit initiating a pull of the plaintiffs' credit, but said action was only taken at the request of the Plaintiffs, who were actively "mortgage shopping." This is apparent, as the Plaintiffs were seeking loans from a number of lending institutions. Stating further, the credit pull was only initiated at the request of the Plaintiffs, and was by definition under the statute a permissible purpose. Therefore, the Defendants Lester and CityWide specifically deny the allegations of the Plaintiffs, and stating further, specifically deny that any actions by the separate Defendants reduced the Plaintiffs credit scores.

15. Lester and CityWide are without sufficient information to either admit or deny the allegations in paragraph(s) 63-89, and therefore denies the same. Stating further, the allegations in paragraph(s) 63-89 do not apply to Lester and CityWide, and therefore inapplicable to Lester and CityWide, and as such are specifically denied.

16. Lester and CityWide generally and specifically deny the allegations in *misnumbered paragraphs 75-92* in the Plaintiffs' First Amended Complaint. The Plaintiffs have clearly attempted to "cut and paste" their allegations, and have misnumbered and duplicated their paragraphs causing great confusion in the form and content of their pleadings. The separate Defendants, Shane Lester, and CityWide Professional Lending, Inc., have at all times complied with the Fair Credit Reporting Act. The Plaintiffs have made

baseless allegations and assertions without actually alleging any specific facts to support their baseless allegations.

17.    That Defendants assert the following affirmative defenses of accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.  That Defendants furthermore reserve the right to amend its pleading in conformity with the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, separate defendants, Shane Lester, and CityWide Professional Lending, Inc., pray that the First Amended Complaint of the Plaintiffs be dismissed, for their attorneys fees, and in the alternative, pray that the Plaintiffs be ordered to file a more definite statement of their pleadings so that the Defendant(s) can more adequately ascertain the basis of which the Plaintiffs have filed their claim, and for all just and proper relief to which the Defendants are entitled, whether specifically prayed for or not.

Respectfully submitted,

/s/ Otto R. Fry
Otto R. Fry, ABA # 98205,   OBA #19026
Otto R. Fry, P.A.
4401 Grand Avenue
Fort Smith, AR 72904
Telephone (479) 782-2640
Fax (479) 782-2641
Attorney for Defendants, Shane Lester, and
CityWide Professional Lending, Inc.

### Certificate of Delivery

On August 15, 2011, I mailed, postage prepaid, by First Class U.S. Mail, a true copy of the foregoing instrument to John & Christina Dunn at 2355 Sequoyah Drive, Rogers, AR 72758, Pro-Se Plaintiffs.

/s/ Otto R. Fry