IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


CHRISTINA L. DUNN, a/k/a
CHRISTINA L. LAPETINA; and
JOHN D. DUNN MELINDA FORREST          PLAINTIFFS

VS.                    Case No.  5:11-cv-05123


RELS CREDIT, a/k/a, RELS CRDT,
a/k/a RELSCREDIT;
CREDIT TECHNOLOGIES, INC., a/k/a
CREDIT TECH, a/k/a CR TECHNIC;
LANDSAFE CREDIT, INC. a/k/a
LANDSAFE CRT, a/k/a LANDSAFE;
SHANE LESTER, CMC, CMRS;
CITYWIDE PROFESSIONAL
LENDING, INC., and OTHER
COMPANIES AND/OR
CORPORATIONS; 1-1,000 UNKNOWN
AND YET TO BE DISCOVERED,                    DEFENDANTS


**ANSWER OF CREDIT TECHNOLOGIES, INC., a/k/a CREDIT TECH,
a/k/a CR TECHNIC TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, the Separate Defendant Credit Technologies, Inc. (a/k/a Credit Tech, a/k/a CR Technic) ("CTI") and submits its Answer to the First Amended Complaint ("Complaint").

1. CTI admits the allegations contained in paragraph 1 of the Complaint.

2. CTI admits the allegations contained in paragraph 2 of the Complaint.

3. CTI, based upon lack of information and belief, is unable to admit or deny the allegations of proper venue contained in paragraph 3 of the Complaint, and therefore denies the same.

4. CTI admits the allegations of paragraph 4 of the Complaint.

1

5. CTI admits the allegations of paragraph 5 of the Complaint.

6. CTI admits the allegations of paragraph 6 of the Complaint.

7. CTI, based upon lack of information and belief, is unable to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. CTI affirmatively states that it is a Michigan corporation operating as a consumer reporting agency under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq, and is not required under Arkansas law to domesticate.

9. CTI, based upon lack of information and belief, is unable to admit or deny the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10. CTI, based upon lack of information and belief is unable to admit or deny the allegation contained in paragraph 10 of the Complaint, and therefore denies the same.

11. CTI, based upon lack of information and belief is unable to admit or deny the allegation contained in paragraph 11 of the Complaint, and therefore denies the same.

12. Paragraph 12 of the Complaint does not allege any facts, and therefore no answer is required. To the extent an answer is required, the statements in Paragraph 12 are denied.

13. Paragraph 13 of the Complaint does not allege any facts, and therefore no answer is required. To the extent an answer is required, the statements in Paragraph 13 are denied.

14. Because Plaintiffs allege numerous causes of actions against numerous Defendants of whom CTI has no knowledge, CTI based upon lack of information and belief is unable to admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15. In regard to Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26, these paragraphs contain allegations relating to parties other than CTI, about whom CTI has no

knowledge, and CTI based upon lack of information and belief is unable to admit or deny the allegations contained in those paragraphs of the Complaint, and therefore denies the same.

16. CTI admits the allegations in paragraphs 27, 28 and 29 of the Complaint. However, pleading affirmatively, CTI is a consumer reporting agency and obtains credit reports for end users. Thus, CTI does not need its own "permissible purpose" under the FCRA; rather CTI obtains credit reports based upon the "permissible purpose" of the end user who ordered the report. In these instances, the end user was processing a mortgage loan application on behalf of the Plaintiffs. Seeking credit reports to obtain credit is unquestionably a permissible purpose under the FCRA.

17. In regard to Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44, these paragraphs contain allegations relating to parties other than CTI, about whom CTI has no knowledge, and CTI based upon lack of information and belief is unable to admit or deny the allegations contained in those paragraphs of the Complaint, and therefore denies the same.

18. CTI admits the allegations contained in paragraphs 45, 46 and 47 of the Complaint. However, pleading affirmatively, CTI is a consumer reporting agency and obtains credit reports for end users. Thus, CTI does not need its own "permissible purpose" under the FCRA; rather CTI obtains credit reports based upon the "permissible purpose" of the end user who ordered the report. In these instances, the end user was processing a mortgage loan application on behalf of the Plaintiffs. Seeking credit reports to obtain credit is unquestionably a permissible purpose under the FCRA.

19. In regard to Paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, and 62, these paragraphs contain allegations relating to parties other than CTI, about whom CTI has

no knowledge, and CTI based upon lack of information and belief is unable to admit or deny the allegations contained in those paragraphs of the Complaint, and therefore denies the same.

## ANSWER TO COUNT I

20. In regard to Paragraphs 63, 64, 65, 66 and 67, or otherwise Count I of the Complaint, these paragraphs relate to claims against RELS Credit and as such, no answer is appropriate by CTI. To the extent an answer is required, CTI based upon lack of information and belief is unable to admit or deny the allegations contained in these paragraphs of the Complaint, and therefore denies the same.

## ANSWER TO COUNT II

21. In regard to Paragraphs 68, 69, 70, and 71, or otherwise Count II of the Complaint, these paragraphs relate to claims against RELS Credit and as such, no answer is appropriate by CTI. To the extent an answer is required, CTI based upon lack of information and belief is unable to admit or deny the allegations contained in these paragraphs of the Complaint, and therefore denies the same.

## ANSWER TO COUNT III

22. In regard to paragraph 72, CTI re-alleges and reaffirms its answers to each of the previous paragraphs above in answer to paragraph 72 of the Complaint.

23. CTI admits the allegations contained in paragraph 73 of the Complaint.

24. CTI admits the allegations contained in paragraph 74 of the Complaint.

25. CTI admits the allegations contained in paragraph 75 of the Complaint.

26. CTI denies each and every allegation contained in paragraph 76 of the Complaint.

## ANSWER TO COUNT IV

27. In regard to paragraph 77, CTI re-alleges and reaffirms its answers to each of the previous paragraphs above in answer to paragraph 77 of the Complaint.

28. CTI admits the allegation contained in paragraph 78 of the Complaint.

29. CTI admits the allegation contained in paragraph 79 of the Complaint.

30. CTI denies each and every allegation contained in paragraph 80 of the Complaint.

## ANSWER TO COUNTS V, VI, VII, VIII, IX, and X

31. In regard to Paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92, 68, 69, 70, and 71, or otherwise Counts V, VI, VII, VIII, IX and X of the Complaint, these paragraphs relate to claims against Defendants other than CTI, and as such, no answer is appropriate by CTI. To the extent an answer is required or any facts are alleged that relate to CTI, CTI denies the allegations set forth in these paragraphs of the Complaint.

32  Pleading further, CTI denies that Plaintiffs are entitled to any of the relief requested or prayed for in the Complaint.

## AFFRIMATIVE DEFENSES

33. CTI has fully complied with the requirements of the FCRA. CTI is a consumer reporting agency under the FCRA. It sells credit reports to end users who certify, in advance, that they have a permissible purpose under the FCRA to receive such reports. CTI also investigates each potential end user before they are allowed to receive any reports to insure itself

that the end user is a legitimate business with a permissible purpose to receive credit reports. Each of the end users identified in the Complaint are either mortgage brokers or mortgage lenders. Each would have a permissible purpose to request credit reports for processing a loan application.

34. As the Complaint notes, credit reports were ordered in groups of three's, one each from the major credit bureaus: Experian, Equifax and TransUnion. This is done because federal regulations require mortgage lenders to obtain credit reports from all three bureaus to process a loan.

35. CTI has conferred with its end user and confirmed that the Plaintiffs requested that it process a mortgage application on their behalf. The end user's paperwork and recorded telephone conversations with the Plaintiffs confirm this to be true. The credit reports ordered through CTI were for a permissible purpose of credit under the FCRA.

36. Plaintiff's Complaint fails to state a cause of action against CTI. CTI has discussed this claim with Plaintiff, Christina Dunn. Ms. Dunn is under the misimpression that the FCRA requires written permission from the consumer before an end user can have a permissible purpose to request a credit report. CTI and its counsel have explained to Ms. Dunn that the FCRA does not require a written consent in the context of a credit transaction. The only time under the FCRA when written consent is required is when the permissible purpose is for employment. 15 U.S.C. §1681b.

37. CTI denies each and every claim, allegation or statement not specifically admitted herein.

38. CTI reserves its right to amend or to plead further as warranted and allowed under the Federal Rules of Civil Procedure.

## COUNTER CLAIM OF CTI

Credit Technologies, Inc. asserts the following counter claim against Plaintiffs.

39. Plaintiffs claims are completely without merit. Defendant has fully and clearly explained to the Plaintiffs that Ms. Dunn's opinion is not supported by the law. Her response has been: "pay me money and I will go away" or words to that effect. The Complaint has been filed in bad faith and for the purpose of harassing CTI and the other Defendants (one of whom, CTI believes actually granted a mortgage to the Plaintiffs). As such, CTI is entitled to its attorney's fees and costs. 15 U.S.C. §1681n and §1681o.

40. Plaintiffs have failed to state a claim for relief against CTI pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Complaint should be dismissed with prejudice, granting fees and costs to CTI.

WHEREFORE, PREMISES CONSIDERED, the Separate Defendant, Credit Technologies, Inc., requests that Plaintiffs' Complaint be dismissed with prejudice, and that it be awarded its reasonable attorney's fees and costs.

**CREDIT TECHNOLOGIES, INC.**

By: ___/s/ James M. Graves___
James M. Graves (ABA #95172)
BASSETT LAW FIRM LLP
221 North College Avenue
P.O. Box 3618
Fayetteville, AR 72702-3618
(479) 521-9996
(479) 521-9600 Facsimile

And

Larry D. Henry (OBA #4105)
RHODES HIERONYMOUS JONES
   TUCKER & GABLE
100 West 5th Street, Suite 400
Tulsa, OK 74103
(918) 582-1173
(918) 592-3390 Facsimile
(Motion Pro Hac Vice to be filed)

*Attorneys for the Defendant*

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 15th day of August, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Arkansas, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record, and hereby certify that I served the foregoing document by U.S. Mail on the following, who are not registered participants of the ECF System:

    Christina L. Dunn
    John Davidson Dunn
    2355 Sequoyah Drive
    Rogers, AR 72758

       /s/ James M. Graves___
      James M. Graves