IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA L. DUNN, et al.                                      PLAINTIFFS

VS.                          Case No.  5:11-cv-05123

CREDIT TECHNOLOGIES, INC., et al.                              DEFENDANTS

### SEPARATE DEFENDANT, CREDIT TECHNOLOGIES, INC.'s RESPONSE TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM

COMES NOW, separate defendant, Credit Technologies, Inc. (a/k/a Credit Tech, a/k/a/ CR Technic) (hereinafter referred to as "CTI"), and for its Response to Plaintiffs' Motion to Dismiss CTI's Counterclaim states as follows, to-wit:

### I. INTRODUCTION

On July 19, 2011, Plaintiffs filed an amended Complaint in the underlying action against, *inter alia*, separate defendant CTI alleging violations of the Fair Credit Reporting Act, (hereinafter referred to as "FCRA"), and specifically 15 U.S.C. 1681 (b)(f), by CTI's obtaining of Plaintiff's consumer credit reports without a permissible purpose. (See Amd. Compl. pp 10 & 11).  CTI timely filed an Answer, including affirmative defenses and a Counterclaim, on August 15, 2011.

CTI properly pled in its Answer that it is a consumer reporting agency. (See CTI Ans. to Amd. Compl. ¶¶ 8, 16, 18, 33).  CTI also affirmatively pled that CTI, as a consumer reporting agency, properly obtained consumer credit reports based upon the "permissible purpose" of the end users who ordered the reports from CTI. (See CTI Ans. to Amd. Compl. ¶ 16.  See also 15 U.S.C.A. § 1681b(a)(3)(A) and (F) (i)).

CTI's Answer states that the instances at issue, in which CTI obtained and furnished a report to the end user on the dates in question, were to provide information to the end user for the permissible purpose of processing a mortgage loan application by the Plaintiffs. (See CTI Ans. to Amd. Compl. ¶ 16).

CTI affirmatively pled that it has fully complied with the requirements of the FCRA. (See CTI Ans. to Amd. Compl. ¶ 33). As an affirmative defense, CTI pled that the end user's "permissible purpose" is certified in advance. (See CTI Ans. to Amd. Compl. ¶ 33. See also 15 U.S.C.A. § 1681e (a)). Further, CTI pled that it has confirmed that the request by the end user, for the consumer credit reports at issue, was initiated by the Plaintiffs when they requested that the end user process a mortgage loan application on their behalf. CTI pled that there is written documentation and recorded statements to confirm this statement. (See CTI Ans. to Amd. Compl. ¶ 35). This statement is also supported by the admitted fact that the credit reports were ordered in groups of three's, which infers the request was made subsequent to a mortgage application as federal regulations require mortgage lenders to obtain credit reports from all three major credit bureaus to process a mortgage loan. (See CTI Ans. to Amd. Compl. ¶ 34).

Additionally, CTI affirmatively pled that Plaintiff, Christina Dunn, stated to CTI that her allegations were based on her belief that written consent is required from the consumer before an end user can have a permissible purpose to request a credit report. (See CTI Ans. to Amd. Compl. ¶ 36). CTI pled that it and its counsel have attempted to reconcile this dispute with Plaintiffs by explaining that written consent is not required under the FCRA, except under circumstances when the permissible purpose is in regard to employment. (See CTI Ans. to Amd. Compl. ¶ 36. See also 15 U.S.C.A. § 1681b(a)(b)(c) & (e)).

CTI's Counterclaim alleges that the Plaintiffs claims are without merit. Further, the Counterclaim alleges that CTI attempted to explain that the allegations in the Complaint are not supported by the law and it pled that the Complaint has been filed in bad faith and for the purpose of harassing CTI and the other defendants. (See CTI Ans. to Amd. Compl. ¶ 39). In support of the bad faith claim, CTI pled that plaintiff, Christina Dunn, stated she wanted money and then she would drop the case. (See CTI Ans. to Amd. Compl. ¶ 39). Finally, CTI preserved its 12(b)(6) defense, as permitted by the Federal Rules of Civil Procedure, and alleged that the Plaintiffs did not state a claim upon which relief may be granted, and pursuant to Fed. R. of Civ. P. 12(b)(6) should be dismissed. (See CTI Ans. to Amd. Compl. ¶ 39. See also Fed. R. Civ. P. 12(b)). CTI prayed for attorneys fees and costs pursuant to 15 U.S.C. § 1681n and § 1681o. (CTI Ans. to Amd. Compl. ¶ 40).

Plaintiffs filed a Motion to Dismiss CTI's Counterclaim on September 6, 2011. Plaintiffs argue that CTI's Motion to Dismiss should be denied and the Counterclaim dismissed. However, it should be noted that CTI has not filed a Motion to Dismiss, but has preserved its 12(b)(6) defense in its Answer and Counterclaim. Further, CTI has sufficiently pled facts to support its Counterclaim, which if proven would entitle CTI to the requested relief. Therefore, Plaintiffs' Motion to Dismiss should be denied and/or stricken.

## II. STANDARD OF REVIEW

The applicable standard of review on a motion to dismiss for failure to state a claim is well settled:

> A [counterclaim] should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief. A [counterclaim] must be viewed in the light most favorable to the [pleader] and should not be dismissed merely because the court doubts that a [pleader] will be able to prove all of the necessary factual allegations.

*Grand River Enterprises Six Nations, Ltd. v. Beebe*, 418 F. Supp. 2d 1082, 1086 (W.D. Ark. 2006) aff'd, 574 F.3d 929 (8th Cir. 2009) (citing *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). The court assumes as true all factual allegations of the counterclaim and draws all reasonable inferences in favor of the pleader. *Katun Corp. v. Clarke,* 484 F.3d 972, 975 (8th Cir. 2007). "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a [pleader] includes allegations that show on the face of the [counterclaim] that there is some insuperable bar to relief*." Grand River Enterprises Six Nations, Ltd.*, 418 F. Supp. 2d at 1086.

CTI has sufficiently and clearly pled a viable cause of action in its Counterclaim under the notice pleading requirements of the Federal Rules of Civil Procedure, and if it is ultimately able to prove the Plaintiffs' claims against it are without merit, their bad faith and their intentions to harass, CTI is entitled to the requested relief under 15 U.S.C. § 1681n and § 1681o. Therefore, Plaintiffs' Motion to Dismiss should be denied pursuant to the standards enunciated above.

### III.  DISCUSSION AND ARGUMENT

**I.  CTI has sufficiently stated a claim and pled sufficient facts, that if proved would entitle it to a remedy under 15 U.S.C. § 1681n and § 1681o.**

CTI has met its burden in pleading its Counterclaim sufficiently and therefore, Plaintiffs' Motion to Dismiss the Counterclaim should be denied.

**A.  CTI's Counterclaim is sufficient to give notice of the nature and basis or grounds for the claim and a general indication of the type of litigation involved.**

CTI's Counterclaim meets the requirements of Rule 8 of the Federal Rules of Civil Procedure, which only requires short and plain statements of the ground(s), claim(s) and demand for relief, the purpose of which is to give the Plaintiffs notice of the nature and basis for the claim.

4

> Rule 8, which provides the general rules of pleading, states in pertinent part:
>
> A pleading which sets forth a claim for relief… shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought,….

Fed. R. Civ. P. 8(a). "The purpose is simply to give the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Parsons v. Burns*, 846 F. Supp. 1372, 1382 (W.D. Ark. 1993). As Plaintiffs pointed out in their Motion to Dismiss, "under the Federal Rules of Civil Procedure, [a pleader has] no duty to set out all of the relevant facts in his [claim]." *Atchison, Topeka and Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 568, 107 S. Ct. 1410, 1417 (1987) fn 15.

CTI stated that its Counterclaim included the bad faith comments made by the plaintiff, Christina Dunn, as well as the allegation that the Plaintiffs were quite clearly made aware that their claim is based on their misunderstanding of the FCRA. (See CTI Ans. to Amd. Compl. ¶ 39). CTI also alleged that it and its counsel attempted to clearly explain that the claims against CTI had no merit. (See CTI Ans. to Amd. Compl. ¶ 36. See also 15 U.S.C.A. § 1681b(a)(b)(c) & (e)). CTI cited the statutes under which it is entitled to relief, 15 U.S.C. § 1681n and § 1681o; and, made a demand for that relief on the basis of the aforementioned allegations. (CTI Ans. to Amd. Compl. ¶ 40). Finally, Plaintiffs submitted to the jurisdiction of this Court in bringing their claims that resulted in the Counterclaims, and jurisdiction was already admitted by CTI in its Answer, so an additional statement of jurisdiction was not necessary. (See Amd. Compl. ¶ 2 & CTI Ans. to Amd. Compl. ¶ 2). Therefore, it is clear that CTI has sufficiently pled its Counterclaim to survive Plaintiffs' Motion to Dismiss.

**B. Defendant is not required to provide evidence with its Answer, Counterclaim or its Response to Motion to Dismiss.**

Plaintiffs erroneously state that CTI's Counterclaim must fail because it did not present any evidence to support its affirmative defense and Counterclaim allegations with the filing of its Answer and Counterclaim. (See Pl. MTD, pp 2 & 3). A party is not required to present proof in its Answer or Counterclaim pleadings anymore than Plaintiffs did with their Complaint(s). Further, a Court does not generally consider materials outside the pleadings in a Motion to Dismiss anyway.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court generally must ignore materials outside the pleadings, but it "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. V. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999)(internal citations omitted).

CTI is not required to prove its case in its pleadings in order to survive Plaintiffs' Motion to Dismiss, and in fact generally cannot present materials outside the pleadings for the Court's consideration in the context of deciding a Motion to Dismiss. CTI merely must state a claim with sufficient clarity as to provide notice to the Plaintiffs of the nature and basis of the claim. *Parsons v. Burns*, 846 F. Supp. 1372, 1382 (W.D. Ark. 1993).

Further, Plaintiffs' self-serving contention that they did not file this law suit in bad faith is not sufficient for a dismissal of CTI's Counterclaim. "Competing versions of the facts are the very basis for lawsuits and are therefore an insufficient basis for resolution on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Davis v. Regional Acceptance Corp.*, 300 F. Supp 2d 377, 382 (2002).

Therefore, Plaintiffs have not shown grounds sufficient to dismiss CTI's Counterclaim, and their Motion to Dismiss should be denied.

## II. CTI's Counterclaim, which alleges the claims filed against CTI are without merit, filed in bad faith and for the purpose of harassment, and do not state a claim upon which relief can be granted, is plausible.

CTI's Counterclaim also meets the requirement of plausibility and therefore is not subject to dismissal.

"Federal Rule of Civil Procedure 8 requires that a [counter claim] present 'a short and plain statement of the claim showing that the pleader is entitled to relief.' In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a [counter claim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). While a pleading must show that success on the merits is more than a "sheer possibility", there is not a "probability requirement." *Braden,* 588 F.3d at 594. A pleading "states a plausible claim for relief if its 'factual content ... allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged.' *Iqbal,* 129 S.Ct. at 1949. *Id*.

CTI alleged that it is a consumer reporting agency and that it obtains consumer credit reports to properly provide to end users whose permissible purpose has been certified according to the FCRA. (See CTI Ans. to Amd. Compl. ¶¶ 8, 16, 18, 33. See also 15 U.S.C.A. § 1681b(a)(3)(A) and (F) (i)). CTI has also alleged that it is in complete compliance with the FCRA. (See CTI Ans. to Amd. Compl. ¶ 33). Further, CTI has alleged that it has informed Plaintiffs of their misunderstanding of the requirements of the FCRA, (See CTI Ans. to Amd. Compl. ¶ 36. See also 15 U.S.C.A. § 1681b(a)(b)(c) & (e)), and that Plaintiffs have

7

demonstrated bad faith and intention of harassment in their continuance of this cause of action. (See CTI Ans. to Amd. Compl. ¶ 39). If CTI is able to prove its allegations, according to the clear language of 15 U.S.C. § 1681n and § 1681o, CTI is entitled to relief as prayed for in its Counter Claim. 15 U.S.C. § 1681n and § 1681o provides that:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n and § 1681o. Therefore, CTI's Counterclaim is plausible and Plaintiffs' Motion to Dismiss should be denied.

### IV. CONCLUSION

Plaintiffs' Motion to Dismiss boils down to a pleading which states that the Plaintiffs do not like having a Counterclaim filed against them. However, CTI's Counterclaim is sufficiently pled, and meets the requirements to survive a Motion to Dismiss. The Counterclaim pled sufficient facts to state a claim and to give Plaintiffs notice of the nature and basis of the claim. Further, the Counterclaim is plausible in that if the facts alleged are proven, CTI would be entitled to the requested relief under 15 U.S.C. § 1681n and § 1681o. Therefore, Plaintiffs' Motion to Dismiss should be denied.

WHEREFORE, PREMISES CONSIDERED, the Separate Defendant, Credit Technologies, Inc., requests that Plaintiffs' Motion to Dismiss be denied, for reasonable costs and attorneys fees, and for any other relief to which it may be entitled.

Respectfully submitted,

**CREDIT TECHNOLOGIES, INC.**

By: /s/ James M. Graves
James M. Graves (ABA #95172)
BASSETT LAW FIRM LLP
221 North College Avenue
P.O. Box 3618
Fayetteville, AR 72702-3618
(479) 521-9996
(479) 521-9600 Facsimile

and

Larry D. Henry (OBA #4105)
*(Admitted Pro Hac Vice)*
RHODES HIERONYMOUS JONES
   TUCKER & GABLE
100 West 5th Street, Suite 400
Tulsa, OK 74103
(918) 582-1173
(918) 592-3390 Facsimile

*Attorneys for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Arkansas, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record, and hereby certify that I served the foregoing document by U.S. Mail on the following, who are not registered participants of the ECF System:

Christina L. Dunn
John Davidson Dunn
2355 Sequoyah Drive
Rogers, AR 72758

/s/ James M. Graves
James M. Graves