IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA L. DUNN a/k/a
CHRISTINA L. LAPETINA and
JOHN D. DUNN                                                              PLAINTIFFS

v.                                    CASE NO. 11-5123

RELS CREDIT a/k/a RELS CRDT, a/k/a
RELSCREDIT; CREDIT TECHNOLOGIES,
INC., a/k/a CREDIT TECH, a/k/a
CR TECHNIC, LANDSAFE CREDIT, INC.
a/k/a LANDSAFE; and Other Companies
and/or Corporations 1-1,000 Unknown and Yet
to be Discovered                                                          DEFENDANTS

## AFFIDAVIT OF STAN BALDWIN

I, Stan Baldwin, first being duly sworn, upon oath state of personal knowledge as follows:

1. I am president of Rels Reporting Services, LLC d/b/a Rels Credit ("Rels").

2. I am authorized by Rels to submit this affidavit, which I understand will be used to support its position in its motion for summary judgment against the plaintiffs Christina L. Dunn a/k/a Christina L. Lapetina and John D. Dunn in the above-captioned lawsuit.

3. I am over the age of 18 years, believe in the solemn obligation of an oath, and am competent to testify.

4. I am familiar with the business of Rels and the events giving rise to this lawsuit.

5. I have personal knowledge of the facts set forth herein.

6. On June 27, 2006, Rels entered into a confidential Master Service Agreement (the "Agreement") with Wells Fargo, N.A. ("Wells Fargo") whereby Rels, as a reseller, would provide credit reporting services to Wells Fargo and its affiliates.

7. Rels is a reseller as defined by the Fair Credit Reporting Act ("FCRA") because it is a "consumer reporting agency that (1) assembles and merges information contained in the database of another consumer reporting agency or multiple customer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." 15 U.S.C. § 1681a(u).

8. The terms of the Agreement, as stated below verbatim, permit Wells Fargo to request credit information from Rels <u>only</u> for specifically stated purposes.

> [Wells Fargo] represents and certifies that it will order Services that are consumer reports ("Basic Reports") credit risk scores ("Scores") and other enhancements to the Basic Report for one or more of the following purposes and for no other purposes: (i) in connection with a potential credit transaction involving a [Wells Fargo] consumer on whom the information is to be furnished and involving the extension of credit to, or review a collection of an account of, the consumer (where appropriate, [Wells Fargo] will obtain the prior written consent of the consumer); (ii) in connection with the underwriting of insurance involving the consumer; (iii) as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation.

9. Each of these purposes is a permissible purpose under the FCRA.

10. Further, the Agreement provides as follows:

> [Wells Fargo] agrees that it will only use the Scores in connection with consumer-initiated extension of credit transaction purposes and not for any other purpose.

11. The Agreement also provides as follows:

> [Wells Fargo] acknowledges that it understands its obligations under the Federal Fair Credit Reporting Act and applicable state laws in ordering and using Credit Reports, and [Wells Fargo] agrees that it will comply with all such obligations and will be responsible for its own regulatory compliance.

12. Pursuant to the Agreement and the FCRA, the following process is followed when credit information is exchanged between Wells Fargo and Rels:

 a. A customer initiates a request for an extension of credit transaction to Wells Fargo or one of its affiliates;

 b. Wells Fargo sends a request for credit information to Rels through an interface system;

 c. The request is instantaneously received by Rels;

 d. Rels pulls the requested credit information from the three major credit agencies – Equifax, Experian, and TransUnion;

 e. Rels combines the credit information from the three major credit agencies into one trimerge credit report; and

 f. The trimerge credit report is provided to Wells Fargo within minutes of its initial request referred to in paragraph (b) above.

13. Because Rels holds the position of reseller and the Agreement provides that Wells Fargo may only request credit information for permissible purposes, Rels engages in the above-outlined process under the belief that all credit information requests initiated by Wells Fargo are for permissible purposes.

14. At the request of Wells Fargo, Rels pulled the plaintiffs' credit information on various dates during June, July, and August of 2009.

15. Rels pulled the plaintiffs' credit information under the belief that plaintiffs had requested an extension of credit from Wells Fargo.

16. Upon information and belief, the process outlined in paragraph 11 was followed for each and every pull of plaintiffs' credit information by Rels.

17. Rels pulled the plaintiffs' credit information in its role as a reseller and not upon its own initiative or for its own use.

18. Rels did not use the plaintiffs' credit information to provide any goods or services to the plaintiffs directly.

19. Rels did not provide plaintiffs' credit information to any individual or entity other than Wells Fargo.

20. The facts contained in this affidavit are true and correct to the best of my knowledge, information, and belief.

FURTHER, AFFIANT SAYETH NOT.

By: _____
Stan Baldwin, President of Rels Reporting Services, LLC d/b/a Rels Credit

## ACKNOWLEDGMENT

STATE OF __CA__

COUNTY OF __SAN DIEGO__

On this the __13th__ day of December, 2011, before me, a Notary Public, personally appeared Stan Baldwin, an individual, who executed the foregoing instrument for the purposes therein contained, by signing her name thereto.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Calista Jones_
Notary Public

My Commission Expires:

__MAY 24, 2015__



CALISTA JONES
COMM. #1938213
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
MAY 24, 2015