IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA L. DUNN a/k/a
CHRISTINA L. LAPETINA and
JOHN D. DUNN                                                                PLAINTIFFS

v.                              CASE NO. 11-5123

RELS CREDIT a/k/a RELS CRDT, a/k/a
RELSCREDIT; CREDIT TECHNOLOGIES,
INC., a/k/a CREDIT TECH, a/k/a
CR TECHNIC, LANDSAFE CREDIT, INC.
a/k/a LANDSAFE; and Other Companies
and/or Corporations 1-1,000 Unknown and Yet
to be Discovered                                                            DEFENDANTS

### DEFENDANT RELS REPORTING SERVICES, L.L.C.'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING THE ACTIVITIES OF PLAINTIFF OUTSIDE THE EVENTS OF THIS CASE

Defendant Rels Reporting Services, L.L.C. ("Rels"), for its response to plaintiffs' Motion in Limine to Exclude Evidence Concerning the Activities of Plaintiff Outside the Events in this Case, states as follows:

1. On April 27, 2012, the plaintiffs moved in limine to exclude certain evidence that they claimed was "extrinsic to the issues that are the subject of this lawsuit."

2. Rels asserts that the evidence the plaintiffs seek to exclude is relevant, admissible, and should not be excluded.

3. Specifically, the plaintiffs seek to exclude reference to the fact that they were "actively mortgage shopping" at all times relevant to the allegations of the complaint. The plaintiffs claim that this fact is irrelevant to whether the defendants had permissible purpose to perform the credit pulls which form the basis of the complaint and, therefore, should be excluded from consideration.

1122106-v1

4. The plaintiffs contend that Rels has a duty to prove that the credit pulls, which form the basis of the complaint against it, were performed for a permissible purpose; however, their motion in limine seeks to exclude evidence tending to prove permissible purpose.

5. Evidence that the plaintiffs were applying for credit during the times relevant to the complaint is relevant to whether the subject credit pulls were properly performed pursuant to a permissible purpose under the FCRA.

6. The plaintiffs cannot seek to exclude evidence relevant to their cause of action simply because it is unfavorable to their position.

7. Plaintiffs' motion in limine should be denied.

8. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Rels incorporates herein by reference all of its previous pleadings filed in this matter.

9. In support of this response, Rels submits a contemporaneously filed brief in support.

WHEREFORE, defendant Rels Reporting Services, L.L.C. requests that this Court deny the plaintiffs' motion in limine and grant it all other relief to which it is entitled.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
EMAIL: ktucker@wlj.com
dsnyder@wlj.com

By  /s/ Diana B. Snyder
Kimberly Wood Tucker (85175)
Diana Borgognoni Snyder (2009158)
*Attorneys for Rels Reporting Services, L.L.C.*

## CERTIFICATE OF SERVICE

On May 11, 2012, a copy of the foregoing was served by ECF notification on the following:

>Larry D. Henry
>Rhodes Hieronymous Jones Tucker Gable
>E-mail: lhenry@rhodesokla.com
>
>James M. Graves
>Bassett Law Firm, LLP
>E-mail: jgraves@bassettlawfirm.com
>*Attorneys For Credit Technologies, Inc. A/K/A Credit Tech*
>
>Otto R. Fry
>Otto R. Fry, P.A.
>E-mail: frylawyer@hotmail.com
>*Attorney For Shane Lester & Citywide Professional Lending*

On that same date, a copy of the foregoing was served on the following non-ECF participants by regular mail:

>Christina L. Dunn
>John D. Dunn
>2355 Sequoyah Drive
>Rogers, Arkansas 72758
>*Pro Se Plaintiffs*

/s/ Diana B. Snyder
Diana Borgognoni Snyder