IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA L. DUNN a/k/a
CHRISTINA L. LAPETINA and
JOHN D. DUNN                                                                    PLAINTIFFS

v.                                      CASE NO. 11-5123

RELS CREDIT a/k/a RELS CRDT, a/k/a
RELSCREDIT; CREDIT TECHNOLOGIES,
INC., a/k/a CREDIT TECH, a/k/a
CR TECHNIC, LANDSAFE CREDIT, INC.
a/k/a LANDSAFE; and Other Companies
and/or Corporations 1-1,000 Unknown and Yet
to be Discovered                                                                 DEFENDANTS

### DEFENDANT RELS REPORTING SERVICES, L.L.C.'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING THE ACTIVITIES OF PLAINTIFF OUTSIDE THE EVENTS OF THIS CASE

On May 19, 2011, plaintiffs filed their complaint in this action against Rels Reporting Services, L.L.C. ("Rels") and others, including unnamed "John Doe" defendants alleging violations of the Fair Credit Reporting Act ("FCRA"). The complaint was amended on July 19, 2011 ("Amended Complaint"). The plaintiffs specifically allege that the Defendants violated the FCRA by willfully and negligently pulling the plaintiffs' credit report without permissible purpose.

On April 27, 2012, the plaintiffs moved in limine to exclude certain evidence that they claimed was "extrinsic to the issues that are the subject of this lawsuit." Specifically, the plaintiffs seek to exclude reference to the fact that they were "actively mortgage shopping" at all times relevant to the allegations of the Amended Complaint. Although Plaintiffs' motion is unclear, it is apparent that Plaintiffs' are seeking to exclude all evidence that they were actively

applying for credit at the time their credit reports were pulled. This would include applications made to any of the defendants and any other lender to who requested the information from Rels, as a reseller of credit information under the FCRA.

Rels is a reseller of credit data. Under the FCRA, a reseller is defined as a "consumer reporting agency that (1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." 15 U.S.C. § 1681a(u). As a reseller, Rels provides services to lenders in connection with credit applications and is entitled to rely upon representations by those lenders that credit pulls will only be requested for a permissible purpose.

The irony of plaintiffs' argument is that while their Complaint contends that Rels[1] and the other defendants did not have a permissible purpose under the FCRA to perform the credit pulls in question, they seek to exclude evidence of permissible purposes. The FCRA contains a list of permissible purposes including:

> (a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> (3) To a person which it has reason to believe--
>
>> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

---

[1] Rels provided the plaintiffs' credit information to Wells Fargo pursuant to a confidential Master Service Agreement As a reseller, Rels was entitled to rely on Wells Fargo's representation in the Agreement that the credit pulls were requested for a permissible purpose. *See* 15 U.S.C. § 1681b(a)

2

1122241-v1

>> (F) otherwise has a legitimate business need for the information--
>
> (i) in connection with a business transaction that is initiated by the consumer; . . . .

15 U.S.C. § 1681b.

Therefore, whether a consumer is actively seeking credit at the time a consumer report is pulled is relevant information to consider in determining whether the consumer reporting agency had a permissible purpose for performing the credit pull. As a result, evidence showing that the plaintiffs were applying for credit when the credit pulls which are the subject of this lawsuit were performed would not only be relevant, but also key to a determination that the credit pulls were properly performed pursuant to a permissible purpose The plaintiffs cannot seek to exclude relevant evidence simply because it disproves the theory of their case. Therefore, plaintiffs' motion in limine should be denied.

Moreover, although written authorization is not required where a consumer has initiated a credit application, where a party provides written authorization for a report, no other permissible purpose is needed." *Nixon v. Enterprise Car Sales Co.*, 2011 WL 4857941, *3 (E.D. Mo. Oct. 13, 2011). In this case, the plaintiffs applied for a loan from Wells Fargo, the lender to whom Rels supplied the credit reports, and signed an authorization which clearly permits Rels to Rels to pull the plaintiffs' credit information from the three major credit bureaus upon the request of Wells Fargo. This Authorization is clearly relevant and admissible evidence, yet this is the type of evidence the plaintiffs seek to exclude through their motion in limine. Therefore, the plaintiffs' motion in limine must be denied.

For the foregoing reasons, defendant Rels Reporting Services, L.L.C. respectfully requests that this Court deny the plaintiffs' motion in limine.

3

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
EMAIL: ktucker@wlj.com
dsnyder@wlj.com

By /s/ Diana B. Snyder
Kimberly Wood Tucker (83175)
Diana Borgognoni Snyder (2009158)
*Attorneys for Rels Reporting Services, L.L.C.*

## CERTIFICATE OF SERVICE

On May 11, 2012, a copy of the foregoing was served by ECF notification on the following:

Larry D. Henry
Rhodes Hieronymous Jones Tucker Gable
E-mail: lhenry@rhodesokla.com

James M. Graves
Bassett Law Firm, LLP
E-mail: jgraves@bassettlawfirm.com
*Attorneys For Credit Technologies, Inc. A/K/A Credit Tech*

Otto R. Fry
Otto R. Fry, P.A.
E-mail: frylawyer@hotmail.com
*Attorney For Shane Lester & Citywide Professional Lending*

On that same date, a copy of the foregoing was served on the following non-ECF participants by regular mail:

Christina L. Dunn
John D. Dunn
2355 Sequoyah Drive
Rogers, Arkansas 72758
*Pro Se Plaintiffs*

/s/ Diana B. Snyder
Diana Borgognoni Snyder

4

1122241-v1